IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:20-cv-60

| | |
|---|---|
| TERESA PRITCHARD as Administrator of the Estate of Cedric D. Pritchard, | )<br>)<br>)<br>) |
| Plaintiff, | )  **COMPLAINT**<br>)  **(Jury Trial Demanded)** |
| vs. | )<br>) |
| AARON M. MOBLEY, in his individual capacity, and CITY OF WASHINGTON, | )<br>)<br>)<br>) |
| Defendants. | ) |

NOW COMES Plaintiff, complaining of Defendants, and alleges and says as follows:

## **INTRODUCTION**

1. At 3:48 p.m., on Sunday, October 21, 2018, Cedric D. Pritchard, age 27, was shot twice in the back and right buttock by Defendant Aaron M. Mobley, a City of Washington Police Officer, during a traffic stop at 1105 Washington Street in Washington, NC. Mr. Pritchard was running away from Defendant Mobley and did not pose an immediate threat of death or serious physical injury to the officer or others when deadly force was used. Although it was feasible, Defendant Mobley did not give a warning to Mr. Pritchard before shooting him twice from behind.

2. Mr. Pritchard suffered a fatal wound from the shot to the back by Defendant Mobley and he died at the scene.

3. Plaintiff, as the Administrator of the Estate of Cedric D. Pritchard brings this civil action, pursuant to 42 U.S.C. § 1983, against Defendant Aaron M. Mobley, in his individual capacity, for the use of excessive force in violation of Mr. Pritchard's rights under the Fourth Amendment. Plaintiff also asserts a claim against Defendant Mobley and Defendant City of Washington for civil battery under North Carolina law.

4. Plaintiff seeks to recover compensatory damages from Defendants for Mr. Pritchard's wrongful death, and punitive damages from Defendant Mobley under federal and state law.

## JURISDICTION AND VENUE

5. Plaintiff, as Administrator of the Estate of Cedric D. Pritchard brings this civil action under 42 U.S.C. § 1983 for acts committed by Defendant Mobley under color of state law which deprived Mr. Pritchard of his rights to be free from the use of excessive force under the Fourth Amendment to the United States Constitution.

6. Plaintiff's action arises under the Constitution and laws of the United States.

7. The Court has original jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1343(a)(4).

8. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. Under 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of North Carolina because all of the events giving rise to this action occurred in the Eastern District.

10. The Eastern Division is the proper division for this case in the Eastern District of North Carolina.

11. This is a wrongful death action under N.C. Gen. Stat. § 28A-18-2 to recover damages for Mr. Pritchard's wrongful death.

## PARTIES

12. Plaintiff Teresa Pritchard is a resident of Beaufort County, North Carolina. Plaintiff is 50 years old.

13. Plaintiff is the Administrator of the Estate of Cedric D. Pritchard. Plaintiff was duly appointed Administrator of the Estate by the Clerk of Superior Court in Beaufort County file no. 19-E-408.

14. Plaintiff is the mother of the late Cedric D. Pritchard ("Cedric Pritchard" or "Mr. Pritchard").

15. Cedric Pritchard was a black man who was born in New York in 1991. Mr. Pritchard moved with his family to Beaufort County, NC as an infant. He grew up in Beaufort County and attended elementary school, junior high school, and high school in Washington.

16. In October 2018, Mr. Pritchard resided in Washington, NC. He had extensive family in Washington and Beaufort County, including his mother and two older brothers, Quentin Pritchard and Nicholas Pritchard.

17. Mr. Pritchard was 27 years old when he died in Beaufort County on October 21, 2018.

18. Mr. Pritchard never had any children and he was not married at the time of his death.

19. Mr. Pritchard's sole heir at law is his mother, Plaintiff Teresa Pritchard. Mr. Pritchard's father died in 1999.

20. Defendant Aaron M. Mobley is a white male resident of Beaufort County, NC.

21. In or around May 2008, Defendant Mobley began working as a sworn law enforcement officer in North Carolina. Since then, Defendant Mobley has been employed by the City of Washington as a police officer.

22. Defendant City of Washington is a municipal corporation organized and existing as a "city" under the laws of the State of North Carolina.

23. Defendant City of Washington has all of the corporate powers set forth in N.C. Gen. Stat. § 160A-11, including the power to be sued.

24. Defendant City of Washington has a Police Department with various divisions, including a Uniformed Patrol Division.

25. On October 21, 2018, Defendant Mobley was employed by Defendant City of Washington as a police officer. He was assigned to the Uniformed Patrol Division of the Washington Police Department and held the position of Senior Patrol Officer.

26. At the time of the shooting alleged herein, Defendant Mobley was acting under color of state law as a police officer.

27. Defendant Mobley is sued in his individual capacity under 42 U.S.C. § 1983.

28. Defendant Mobley is also sued in his individual capacity under North Carolina law for engaging in malicious, corrupt, and/or deliberate misconduct.

29. At the time of the shooting alleged herein, Defendant Mobley was employed by Defendant City of Washington as a police officer and acting within the course and scope of his employment.

30. Defendant City of Washington is sued under North Carolina law, pursuant to the doctrine of *Respondeat Superior*, for the civil battery committed by Defendant Mobley.

31. Defendant City of Washington waived its governmental immunity, pursuant to N.C. Gen. Stat. § 160A-485, for the state law claim alleged herein by purchasing insurance, including police professional liability coverage, issued by an authorized local governmental risk pool.

## **FACTUAL ALLEGATIONS**

32. At or around 3:48 p.m., on Sunday, October 21, 2018, Cedric Pritchard was driving a 2004 blue Pontiac Aztec and traveling south on Washington Street towards the intersection with West 13th Street in Washington, NC.

33. At that time, Defendant Mobley was driving a City of Washington patrol vehicle and traveling west on West 13th Street. Defendant Mobley had stopped his

5

patrol vehicle at a two-way stop sign at the intersection with Washington Street. Defendant Mobley was waiting for the Pontiac Aztec to pass him.

34. Defendant Mobley had seen Cedric Pritchard driving the Pontiac Aztec and believed Mr. Pritchard did not have a valid driver's license.

35. Defendant Mobley knew Cedric Pritchard and was familiar with members of his family.

36. When Mr. Pritchard's vehicle passed his patrol vehicle, Defendant Mobley immediately made a left turn onto Washington Street and accelerated to approximately 30 miles per hour while traveling south behind the Pontiac Aztec.

37. Within ten seconds, Mr. Pritchard applied the brakes on his vehicle and steered the Pontiac Aztec towards the left side of Washington Street.

38. In response, Defendant Mobley activated the traffic lights on his patrol vehicle and continued to follow the Pontiac Aztec.

39. Five seconds later, Mr. Pritchard stopped the Pontiac Aztec at the curb on the left side of the street in front of a Washington Housing Authority home at 1105 Washington Street.

40. Defendant Mobley stopped his patrol vehicle behind the Pontiac Aztec.

41. Within five seconds, Defendant Mobley exited the patrol vehicle.

42. At that time, Defendant Mobley had no reason to believe that Mr. Pritchard was armed and/or dangerous. Defendant solely suspected that Mr. Pritchard was driving the Pontiac Aztec without a driver's license, a Class 3 misdemeanor offense under N.C. Gen. Stat. § 20-35(a1).

43. A second later, Mr. Pritchard opened the driver's side door on the Pontiac Aztec, got out of the vehicle, and started to run away from Defendant Mobley, who immediately drew his handgun.

44. Within two seconds, Defendant Mobley intentionally fired his handgun two times at Mr. Pritchard.

45. Mr. Pritchard had taken five steps and moved approximately 10-15 feet away from Defendant Mobley when he was shot without any warning.

46. One bullet from Defendant Mobley's gun struck Mr. Pritchard in the middle of his back to the left of the spine.

47. This bullet entered Mr. Pritchard's left chest cavity, punctured his heart, and lodged in his right chest.

48. The other bullet from Defendant Mobley's gun struck Mr. Pritchard in the right buttock.

49. This bullet passed through the muscle in Mr. Pritchard's right buttock and lodged in the right iliac crest of his pelvis.

50. At the time of the shooting, Cedric Pritchard did not pose an immediate threat of death or serious physical injury to Defendant Mobley or others.

51. At the time of the shooting, Mr. Pritchard was not under arrest and he had not threated Defendant Mobley with a weapon.

52. Defendant Mobley had no reason to believe Mr. Pritchard was armed with a weapon before the shooting.

53. Defendant Mobley did not give a verbal warning to Mr. Pritchard before shooting him even though a warning was feasible under the circumstances.

54. The deadly force used by Defendant Mobley was unreasonable, excessive, and unnecessary.

55. Once he was shot by Defendant Mobley, Mr. Pritchard immediately fell to the ground on his front side.

56. At 3:58 p.m., on October 21, 2018, Cedric Pritchard was pronounced dead at the scene.

57. Mr. Pritchard died as a result of the gunshot wound to his back by Defendant Mobley.

## FIRST CLAIM FOR RELIEF: EXCESSIVE FORCE BY DEFENDANT MOBLEY IN VIOLATION OF THE FOURTH AMENDMENT

58. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

59. Cedric Pritchard had the right under the Fourth Amendment to be free from an unreasonable seizure of his person through the use of excessive force by a law enforcement officer. *See Tennessee v. Garner*, 471 U.S. 1 (1985); *Graham v. Connor*, 490 U.S. 386 (1989).

60. On October 21, 2018, Defendant Mobley intentionally used deadly force against Mr. Pritchard that was unreasonable under the totality of circumstances.

61. At the time of the shooting, Mr. Pritchard did not pose an imminent threat of death or serious physical injury to Defendant Mobley or others.

62. Although Mr. Pritchard was attempting to flee the scene, Defendant Mobley solely suspected that Mr. Pritchard had committed a misdemeanor traffic offense and had no reason to believe that he was armed or dangerous.

63. In addition, Defendant Mobley never gave a warning to Mr. Pritchard before shooting him even though it was feasible at the time.

64. The deadly force used by Defendant Mobley resulted in Mr. Pritchard's death.

65. Defendant Mobley was acting under color of state law as a City of Washington police officer when he shot Mr. Pritchard.

66. Defendant Mobley used excessive force against Mr. Pritchard in violation of his rights under the Fourth Amendment.

67. Defendant Mobley is liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for the violation of Mr. Pritchard's Fourth Amendment rights.

## SECOND CLAIM FOR RELIEF: CIVIL BATTERY BY DEFENDANTS

68. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

69. On October 21, 2018, Defendant Mobley intentionally shot Cedric Pritchard in the back and right buttock.

70. Defendant Mobley was not justified in using deadly force upon Mr. Pritchard because: (a) it was not reasonably necessary to defend himself or a third person from the use or imminent use of deadly physical force; and (b) it was not reasonably necessary to effect an arrest of a person who by his conduct or any other

means poses an imminent threat of death or serious physical injury to others unless apprehended without delay.

71. The deadly force used by Defendant Mobley was unreasonable, excessive, and unnecessary under the circumstances.

72. Mr. Pritchard was killed as a result of being shot by Defendant Mobley.

73. Defendant Mobley committed a civil battery by shooting Mr. Pritchard without lawful justification.

74. At the time of the shooting, Defendant Mobley was employed by Defendant City of Washington and acting without the course and scope of his employment.

75. Defendant City of Washington is jointly and severally liable for Defendant Mobley's civil battery pursuant to the doctrine of *Respondeat Superior*.

## DAMAGES

76. On October 21, 2018, Cedric Pritchard was killed as a direct and proximate result of the excessive use of force by Defendant Mobley and civil battery by Defendants.

77. Mr. Pritchard was 27 years old at the time of his death.

78. Mr. Pritchard was survived by his mother, Plaintiff Teresa Pritchard, who is his sole heir under the North Carolina Intestate Succession Act, N.C. Gen. Stat. § 29-1, *et seq.*

79. As a direct and proximate result of the excessive force and civil battery, Plaintiff, as the Administrator of the Estate of Cedric D. Pritchard, is entitled to recover the following damages under N.C. Gen. Stat. § 28A-18-2(b):

   a. Compensation for Mr. Pritchard's pain and suffering;

   b. The reasonable funeral expenses;

   c. The present monetary value of Mr. Pritchard to Teresa Pritchard of the reasonably expected:

      i. Services, protection, care, and assistance of Mr. Pritchard, whether voluntary or obligatory, to his mother; and,

      ii. Society, companionship, comfort, guidance, kindly offices, and advice of Mr. Pritchard to his mother.

80. Plaintiff, as the Administrator of the Estate of Cedric D. Pritchard, is entitled to recover compensatory damages from Defendants, jointly and severally, for Mr. Pritchard's wrongful death under N.C. Gen. Stat. § 28A-18-2.

81. The use of excessive force by Defendant Mobley, as alleged above, was done with reckless or callous indifference to Mr. Pritchard's civil rights.

82. Plaintiff is entitled to recover punitive damages from Defendant Mobley under 42 U.S.C. § 1983.

83. The acts of civil battery by Defendant Mobley, as alleged above, were done with conscious and intentional disregard of and indifference to the rights and safety of others, including Mr. Pritchard, which he knew or should have known were reasonably likely to result in injury, damage, or other harm, including death.

84. The civil battery committed by Defendant Mobley was willful or wanton conduct as defined in N.C. Gen. Stat. § 1D-5.

85. Plaintiff is entitled to recover punitive damages from Defendant Mobley under N.C. Gen. Stat. § 1D-15.

86. Plaintiff is also entitled to recover reasonable attorneys' fees and litigation expenses from Defendant Mobley pursuant to 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court for the following relief:

1. Compensatory damages from Defendants, jointly and severally, for Mr. Pritchard's wrongful death;

2. Punitive damages from Defendant Mobley under 42 U.S.C. § 1983 and N.C. Gen. Stat. § 1D-15;

3. Reasonable attorneys' fees and litigation expenses from Defendant Mobley under 42 U.S.C. § 1988;

4. Costs of court and interest as allowed by law;

5. A trial by jury on all disputed issues of fact; and,

6. Such other and further relief as the Court may deem just and proper.

This the 6th day of April, 2020.

/s/ Carlos E. Mahoney
Carlos E. Mahoney
Glenn, Mills, Fisher & Mahoney, P.A.
P.O. Drawer 3865
Durham, NC 27702-3865
Telephone: 919-683-2135
Facsimile: 919-688-9339
cmahoney@gmfm-law.com
N.C. State Bar No. 26509
Counsel for Plaintiff

/s/ Sean P. Cecil
Sean P. Cecil
Edelstein & Payne
P.O. Box 28186
Raleigh, NC 27611
Telephone: 919-828-1456
Facsimile: 919-828-4689
sean@edelsteinpayne.com
N.C. State Bar No. 48882
Counsel for Plaintiff

13

Case 4:20-cv-00060-M   Document 1   Filed 04/06/20   Page 13 of 13