UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Civil Action No. 4:20-CV-00060-M

TERESA PRITCHARD as Administrator of   :
the Estate of Cedric D. Pritchard,   :
  :
  :
Plaintiff,   :
  :
  :
vs.   :      **ANSWER**
  :
  :
AARON M. MOBLEY, in his individual   :
capacity, and CITY OF WASHINGTON,   :
  :
Defendants,   :

NOW COMES the Defendant Aaron M. Mobley ("Officer Mobley"), in His Individual

Capacity and the City of Washington, North Carolina ("Washington"), by and through the

undersigned counsel of record, responding to the Complaint of the Plaintiff and saying and

alleging as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state valid claims for relief against

Officer Mobley and Washington pursuant to Rule 12(b)6 of the Federal Rules of Civil

Procedure. Plaintiff can prove no set of facts in support of her claims that would entitle her to

relief.

**SECOND DEFENSE**

Officer Mobley and Washington plead as a defense to Plaintiff's claims all applicable

immunities to which they are entitled, including, but not limited to, sovereign/ governmental

immunity, qualified immunity, and public official immunity.

**THIRD DEFENSE**

Without waiving any defenses or immunities, as set forth herein or otherwise, Officer Mobley and Washington respond to the specific numbered allegations of the Complaint as follows:

**<u>INTRODUCTION</u>**

1.  It is admitted that, at or near the time and place set forth in the Complaint, Cedric D. Pritchard ("Pritchard"), age 27, was shot twice by Officer Mobley, acting in his capacity as a police officer for Washington, incident to an attempted traffic stop; except as herein expressly admitted, any and all other allegations contained in Paragraph 1 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

2.  It is admitted, upon information and belief, that the wound or wounds inflicted on Pritchard proved to be fatal; except as herein expressly admitted, any and all other allegations contained in Paragraph 2 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

3.  The allegations contained in Paragraph 3 constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that the Plaintiff is the administrator of the Estate of Pritchard and that legal claims are brought against Officer Mobley and Washington but expressly denied that any factual or legal basis exists upon which to support any legal claims against Officer Mobley or Washington.

4.  The allegations contained in Paragraph 4 constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that the Plaintiff is the administrator of the Estate of Pritchard and that legal claims are brought against Officer

Mobley and Washington but expressly denied that any factual or legal basis exists upon which to support any legal claims against Officer Mobley or Washington.

## JURISDICTION AND VENUE

5.   The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that the Plaintiff is the administrator of the Estate of Pritchard and that legal claims are brought against Officer Mobley and Washington but expressly denied that any factual or legal basis exists upon which to support any legal claims against Officer Mobley or Washington.

6.   The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, it is admitted that the Plaintiff is the administrator of the Estate of Pritchard and that legal claims are brought against Officer Mobley and Washington but expressly denied that any factual or legal basis exists upon which to support any legal claims against Officer Mobley or Washington.

7.   The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, it is admitted that the provisions of 28 U.S.C. § 1331, 28 U.S.C §(a)(3), and 28 U.S.C.§ 1343 (a) (4) speak for themselves. Except as herein expressly admitted, any and all other allegations contained in Paragraph 7 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

8.   The allegations contained in Paragraph 8 of the Complaint, constitute legal conclusions to which no response is required. To the extent a response is required, it is admitted that the provisions of 28 U.S.C. § 1367(a) speaks for itself. Except as herein expressly admitted, any

and all other allegations contained in Paragraph 8 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

9.   The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, it is admitted that the provisions of 28 U.S.C. § 1391(b) speaks for itself. Except as herein expressly admitted, any and all other allegations contained in Paragraph 9 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

10.   The allegations contained in Paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, it is admitted that the matters and things alleged in the Complaint and referenced herein occurred within that certain area defined by the United State District Court system as the Eastern District of North Carolina.

11.   The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that the Plaintiff makes claims under N.C. Gen. Stat. § 28A-18-2 to recover damages for Pritchard's wrongful death. It is denied that any factual or legal basis exists upon which to support any legal claims against Officer Mobley or Washington.

## PARTIES

12. The allegations contained in Paragraph 12 of the Complaint are, as they relate to Officer Mobley and Washington, admitted upon information and belief.

13. The allegations contained in Paragraph 13 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

14. The allegations contained in Paragraph 14 of the Complaint are, as they relate to Officer Mobley and Washington, admitted upon information and belief.

15. Officer Mobley and Washington are without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 15 of the Complaint and said allegations are, therefore, respectfully denied.

16. It is admitted, upon information and belief, that Pritchard resided in or about Washington, North Carolina in October of 2018 and that Pritchard had other family members residing in or about the Washington or Beaufort County area including his mother; Officer Mobley and Washington are without sufficient information upon which to form a reasonable belief regarding the rest and remaining allegations contained in Paragraph 16 of the Complaint and said allegations are, therefore, respectfully denied.

17. The allegations contained in Paragraph 17 of the Complaint are, as they relate to Officer Mobley and Washington, admitted upon information and belief.

18. The allegations contained in Paragraph 18 of the Complaint are, as they relate to Officer Mobley and Washington, admitted upon information and belief.

19. The allegations contained in Paragraph 19 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted, upon information and belief, that the Plaintiff is the mother of the late Pritchard; Officer Mobley and Washington are without sufficient information upon which to form a reasonable belief regarding the truth of the rest and remaining allegations contained in Paragraph 19 of the Complaint and said allegations are, therefore, respectfully denied.

20. The allegations contained in Paragraph 20 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

21. The allegations contained in Paragraph 21 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

22. The allegations contained in Paragraph 22 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

23.  The allegations contained in Paragraph 23 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that N.C. Gen. Stat. § 160A-11 applies to Washington, is in writing and speaks for itself; except as herein expressly admitted, any and all other allegations contained in Paragraph 23 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

24. The allegations contained in Paragraph 24 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

25. The allegations contained in Paragraph 25 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

26. The allegations contained in Paragraph 26 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

27. The allegations contained in Paragraph 27 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that the provisions of 42 U.S.C § 1983 speaks for itself, that Officer Mobley is sued in his individual capacity; it is specifically denied that any factual or legal basis exists upon which to support any legal claim against Officer Mobley or Washington.

28. The allegations contained in Paragraph 28 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that Officer

Mobley is sued in his individual capacity under North Carolina law and it is specifically denied that any factual or legal basis exists upon which to support any legal claim against Officer Mobley or Washington.

29. The allegations contained in Paragraph 29 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

30. The allegations contained in Paragraph 30 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that Officer Mobley is sued under North Carolina law pursuant the Doctrine of Respondeat Superior and it is specifically denied that any factual or legal basis exists upon which to support any legal claim against Officer Mobley or Washington.

31. The allegations contained in Paragraph 31 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, it is admitted that the provisions of N.C. Gen Stat. §160A-485 speak for themselves; it is further admitted that Washington is a member of a local government risk pool administered by the North Carolina League of Municipalities; except as herein expressly admitted, any and all other allegations contained in Paragraph 31 are, as they relate to Officer Mobley and/ or Washington, respectfully denied.

## **FACTUAL ALLEGATIONS**

32. The allegations contained in Paragraph 32 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

33. The allegations contained in Paragraph 33 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

34. The allegations contained in Paragraph 34 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

35. It is admitted that Officer Mobley knew of Pritchard.

36. The allegations contained in Paragraph 36 of the Complaint are, as they relate to Officer Mobley and Washington, admitted.

37. It is admitted that Pritchard abruptly steered the Pontiac Aztec vehicle to the left across Washington Street, through the lane designated for on coming traffic and up against the curb on the left side of Washington Street; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 37 of the Complaint, is the basis for the allegations contained in Paragraph 32-37 and is the best evidence of the factual allegations contained in Paragraph 37 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 37 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

38. It is admitted that, at some point, Officer Mobley activated the blue lights on his patrol vehicle and followed the Pontiac Aztec, stopping behind it at the curb on the left side of Washington Street; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 38 of the Complaint, is the basis for the allegations contained in Paragraph 32-38 and is the best evidence of the factual allegations contained in Paragraph 38 of the Complaint; Officer Mobley and Washington are without sufficient information upon which

to respond to the rest and remaining allegations contained in Paragraph 38 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

39. It is admitted that Pritchard stopped the Pontiac Aztec at the curb on the left side of Washington Street in or about the area described in Paragraph 39 of the Complaint; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 39, is the basis for the allegations contained in Paragraph 32-39 of the Complaint and is the best evidence of the factual allegations contained in Paragraph 39; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 39 of the Complaint but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

40. It is admitted that Officer Mobley stopped his patrol vehicle behind the Pontiac Aztec at the curb on the left side of Washington Street; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 40 of the Complaint, is the basis for the allegations contained in Paragraph 32-40 and is the best evidence of the factual allegations contained in Paragraph 40 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 40 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

41. It is admitted that Officer Mobley exited his patrol vehicle; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 41 of the Complaint, is

the basis for the allegations contained in Paragraph 32-41 and is the best evidence of the factual allegations contained in Paragraph 41 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 41 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

42. It is admitted, that at or near the time and place set forth in Paragraph 42 of the Complaint, Officer Mobley believed that Pritchard was not the owner of the Pontiac Aztec and was operating the said vehicle without a drivers license; it is further admitted that audio/ video recordings, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 42 of he Complaint, is the basis for the allegations contained in Paragraph 32-42 and is the best evidence of the factual allegations contained in Paragraph 42 of the Complaint; Officer Mobley and Washington admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein. The rest and remaining allegations contained in Paragraph 42 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

43. It is admitted that, after stopping the Pontiac Aztec vehicle at the curb on the left side of Washington Street, Pritchard opened and exited the vehicle from the driver side door; it is further admitted that after seeing Pritchard open the door and begin to exit the Pontiac Aztec, Officer Mobley drew his service handgun; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 43 of the Complaint, is the basis for the allegations contained in Paragraph 32-43 and is the best evidence of the factual allegations

contained in Paragraph 43 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 43 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

44. It is admitted that, at some point shortly after exiting his patrol vehicle, Officer Mobley intentionally fired his service handgun, firing two times at Pritchard; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 44 of the Complaint, is the basis for the allegations contained in Paragraph 32-44 and is the best evidence of the factual allegations contained in Paragraph 44 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 44 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

45. It is admitted that Pritchard was moving away from Officer Mobley at the time Officer Mobley discharged his service handgun; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 45 of the Complaint, is the basis for the allegations contained in Paragraph 32-45 and is the best evidence of the factual allegations contained in Paragraph 45 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 45 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

46. It is admitted that one of the shots from Officer Mobley's service handgun struck Pritchard in the back; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 46 of the Complaint, is the basis for the allegations contained in Paragraph 32-46 and is the best evidence of the factual allegations contained in Paragraph 46 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 46 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

47. It is admitted that the shots fired from Officer Mobley's service handgun struck Pritchard's body; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 47 of the Complaint, is the basis for the allegations contained in Paragraph 32-47 of the and is the best evidence of the factual allegations contained in Paragraph 47 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 47 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

48. It is admitted that the shots fired from Officer Mobley's service handgun struck Pritchard's body; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 48 of the Complaint, is the basis for the allegations contained in Paragraph 32-48 and is the best evidence of the factual allegations contained in Paragraph 48 of the Complaint; Officer Mobley and Washington are without sufficient information upon which

to respond to the rest and remaining allegations contained in Paragraph 48 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

49. It is admitted that the shots fired from Officer Mobley's service handgun struck Pritchard's body; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 49 of the Complaint, is the basis for the allegations contained in Paragraph 32-49 and is the best evidence of the factual allegations contained in Paragraph 49 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 49 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

50. It is admitted, that at or near the time and place set forth in Paragraph 50 of the Complaint, Officer Mobley believed that Pritchard was not the owner of the Pontiac Aztec and was operating the said vehicle without a driver's license; it is further admitted that audio/ video recordings, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 50 of the Complaint, is the basis for the allegations contained in Paragraph 32-50 and is the best evidence of the factual allegations contained in Paragraph 50 of the Complaint; Officer Mobley and Washington admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein. The rest and remaining allegations contained in Paragraph 50 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

51. It is admitted, that at the time Officer Mobley discharged his service handgun, Pritchard was not under arrest. It is further admitted that audio/ video recordings, captured by the dash

camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 51, is the basis for the allegations contained in Paragraph 32-51 of the Complaint and is the best evidence of the factual allegations contained in Paragraph 51 of the Complaint; Officer Mobley and Washington admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein. The rest and remaining allegations contained in Paragraph 51 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

52. It is admitted that audio/ video recordings, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 52 of the Complaint, is the basis for the allegations contained in Paragraph 32-52 and is the best evidence of the factual allegations contained in Paragraph 52 of the Complaint; Officer Mobley and Washington admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein. The rest and remaining allegations contained in Paragraph 52 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

53. It is admitted, Officer Mobley did not give verbal warning to Pritchard before discharging his service handgun; it is further admitted that audio/ video recordings, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 53 of the Complaint, is the basis for the allegations contained in Paragraph 32-53 and is the best evidence of the factual allegations contained in Paragraph 53 of the Complaint; Officer Mobley and Washington admit to the facts as captured

and depicted by the dash camera video/ audio system referenced herein. The rest and remaining allegations contained in Paragraph 53 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

54. It is admitted that audio/ video recordings, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 54 of the Complaint, is the basis for the allegations contained in Paragraph 32-54 and is the best evidence of the factual allegations contained in Paragraph 54 of the Complaint; Officer Mobley and Washington admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein. The rest and remaining allegations contained in Paragraph 54 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

55. It is admitted that, after Officer Mobley discharged his service handgun and shot Pritchard, Pritchard fell to the ground; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 55 of the Complaint, is the basis for the allegations contained in Paragraph 32-55 and is the best evidence of the factual allegations contained in Paragraph 55 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 55 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

56. The allegations contained in Paragraph 56 of the Complaint are, as they relate to Officer Mobley and/or Washington upon information and belief, admitted.

57. Officer Mobley and Washington are without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 57 of the Complaint and said allegations are, as they relate to Officer Mobley and/or Washington, respectfully denied.

## FIRST CLAIM FOR RELIEF
### EXCESSIVE FORCE BY DEFENDANT MOBLEY
### IN VIOLATION OF THE FOURTH AMENDMENT

58. Officer Mobley and Washington hereby reassert and reallege the responses to the allegations contained in Paragraph 1-58 of the Complaint as if fully set forth herein.

59. The allegations contained in Paragraph 59 of constitute legal conclusions to which no response is required. To the extent a response is required, it is admitted that the Fourth Amendment of the United States Constitution and the Supreme Court cases identified in Paragraph 59 of the Complaint speak for themselves. Except as herein expressly admitted, any and all other allegations contained in Paragraph 59 of the Complaint are, as they relate to Officer Mobley and/ or Washington, respectfully denied.

60. The allegations contained in Paragraph 60 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

61. It is admitted that audio/ video recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 61 of the Complaint, is the basis for the allegations contained in Paragraph 32-61 and is the best evidence of the factual allegations contained in Paragraph 61 of the Complaint; Officer Mobley and Washington admit to the facts as captured and depicted by the dash camera video/

audio system referenced herein. The rest and remaining allegations contained in Paragraph 61 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

62. It is admitted that audio/ video recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 62 of the Complaint, is the basis for the allegations contained in Paragraph 32-62 and is the best evidence of the factual allegations contained in Paragraph 62 of the Complaint; Officer Mobley and Washington admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein. The rest and remaining allegations contained in Paragraph 62 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

63. It is admitted that Officer Mobley did not give a verbal warning to Pritchard before discharging his service handgun; it is further admitted that video/ audio recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 63 of the Complaint, is the basis for the allegations contained in Paragraph 32-63 and is the best evidence of the factual allegations contained in Paragraph 63 of the Complaint; Officer Mobley and Washington are without sufficient information upon which to respond to the rest and remaining allegations contained in Paragraph 63 but admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein.

64. Officer Mobley and Washington are without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 64 of the Complaint and said allegations are, therefore, respectfully denied.

65. The allegations contained in Paragraph 65 of the Complaint are, as they relate to Officer Mobley and/or Washington, admitted.

66. The allegations contained in Paragraph 66 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

67. The allegations contained in Paragraph 67 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

## SECOND CLAIM FOR RELIEF:
CIVIL BATTERY BY DEFENDANTS

68. Officer Mobley and Washington hereby reassert and reallege the responses to the allegations contained in Paragraph 1-67 of the Complaint as if fully set forth herein.

69. The allegations contained in Paragraph 69 of the Complaint are, as they relate to Officer Mobley and/or Washington, admitted.

70. It is admitted that audio/ video recording, captured by the dash camera system from the patrol vehicle operated by Officer Mobley, recorded all of the events referenced in Paragraphs 32- 70 of the Complaint, is the basis for the allegations contained in Paragraph 32-70 and is the best evidence of the factual allegations contained in Paragraph 70 of the Complaint; Officer Mobley and Washington admit to the facts as captured and depicted by the dash camera video/ audio system referenced herein. The rest and remaining allegations contained in Paragraph 70 of the Complaint are false, known by Plaintiff to be false, proven by the dash camera video referenced herein to be false and are, therefore, respectfully denied by Officer Mobley and Washington.

71. The allegations contained in Paragraph 71 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

72. Officer Mobley and Washington are without sufficient information upon which to form a reasonable belief regarding the truth of the allegations contained in Paragraph 72 of the Complaint and said allegations are, therefore, respectfully denied.

73. The allegations contained in Paragraph 73 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

74. The allegations contained in Paragraph 74 of the Complaint are, as they relate to Officer Mobley and/or Washington, admitted.

75. The allegations contained in Paragraph 75 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations contained in Paragraph 75 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

## **DAMAGES**

76. The allegations contained in Paragraph 76 of the Complaint are, as they relate to Officer Mobley and/or Washington, respectfully denied.

77. The allegations contained in Paragraph 77 of the Complaint are, as they relate to Officer Mobley and/or Washington upon information and belief, admitted.

78. It is admitted that Pritchard is survived by his mother, the Plaintiff in this action; the rest and remaining allegations contained in Paragraph 78 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, the remaining allegations contained in Paragraph 78 of the Complaint are, upon information and belief as they relate to Officer Mobley and/or Washington, admitted.

79. The allegations contained in Paragraph 79 of the Complaint, and each and every subpart there are, are as they relate to Officer Mobley and/or Washington, respectfully denied.

80. The allegations contained in Paragraph 80 of the Complaint are, as they relate to Officer Mobley and/or Washington, denied.

81. The allegations contained in Paragraph 81 of the Complaint are, as they relate to Officer Mobley and/or Washington, denied.

82. The allegations contained in Paragraph 82 of the Complaint are, as they relate to Officer Mobley and/or Washington, denied.

83. The allegations contained in Paragraph 83 of the Complaint are, as they relate to Officer Mobley and/or Washington, denied.

84. The allegations contained in Paragraph 84 of the Complaint are, as they relate to Officer Mobley and/or Washington, denied.

85. The allegations contained in Paragraph 85 of the Complaint are, as they relate to Officer Mobley and/or Washington, denied.

86. The allegations contained in Paragraph 86 of the Complaint are, as they relate to Officer Mobley and/or Washington, denied.

87. Any and all allegations contained in any paragraph not hereinabove specifically addressed are, as they relate to Officer Mobley and/ or Washington, respectfully denied.


**FOURTH DEFENSE**

Officer Mobley and Washington plead sovereign and governmental immunity, to the nature and extent that Washington has not complied with N.C.G.S. § 160A-485 and/or alternatively to the extent that the claims in the Complaint are not covered by any compliance

with N. C. G. S. § 160A-485, in bar of all, or any part as applicable, of the claims made against them.

## FIFTH DEFENSE

At all times relevant the allegations contained in the Complaint, Officer Mobley and Washington acted in good faith, without malice, with the reasonable belief that their actions were lawful and in accordance with the constitutional rights of Pritchard and did not violate any clearly established right of Pritchard; Officer Mobley and Washington plead qualified immunity in bar of all, or any part as applicable, of the claims made against them.

## SIXTH DEFENSE

At all times relevant to the allegations contained in the Complaint, Officer Mobley was a public officer and/ or public official performing acts involving the exercise of judgment and discretion in the course and scope of his employment as a police officer for Washington, without malice of corruption, and therefore Officer Mobley and Washington plead the defense of public official/ public officer immunity in bar of all, or any part of the claims made against them.

## SEVENTH DEFENSE

Officer Mobley and Washington plead all other applicable immunities to which they are entitled by operation of law, including, but not limited to all qualified, conditional, statutory and absolute immunities and privileges, in bar of all, or any part as applicable, of the claims made against them.

**EIGHTH DEFENSE**

At all times relevant to the Complaint, all decisions, conduct and actions of Officer Mobley were supported by reasonable suspicion and probable cause in accordance with the laws of the State of North Carolina and the United States and carried out in good faith with reasonable basis because Pritchard engaged in suspicious and evasive conduct, acted in such a manner as to constitute a deadly threat and in such a manner as to cause Officer Mobley to reasonably fear for his safety and life, and the safety and lives of others; Officer Mobley had reasonable suspicion and probable cause to support his decisions and actions which is pled by Officer Mobley and Washington in bar of all, or any part as applicable, of the claims made against them.

**NINTH DEFENSE**

The decisions and actions of Officer Mobley constituted reasonable force to accomplish legal ends and the same is pled by Officer Mobley and Washington in bar of all, or any part as applicable, of the claims made against them.

**TENTH DEFENSE**

At all times applicable to Plaintiff's Complaint, Officer Mobley was fully legally justified in his decisions and actions which is pled by Officer Mobley and Washington in bar of all, or any part as applicable, of the claims made against them.

**ELEVENTH DEFENSE**

At all times applicable to Plaintiff's Complaint, the decisions, actions and conduct of Officer Mobley were necessary or reasonably perceived to be necessary under the

circumstances then and there at the time existing which is pled by Officer Mobley and Washington in bar of all, or any part as applicable, of the claims made against them.

## TWELFTH DEFENSE

The decisions, conduct and actions of Officer Mobley were necessary and reasonable responses to provocation by Pritchard who engaged in suspicious, evasive, hostile, aggressive, threatening and assaultive conduct in such a manner as to constitute a deadly threat and cause Officer Mobley to reasonably fear for his safety and life, and the safety and lives of others and the provocation of Pritchard is herein pled by Officer Mobley and Washington in bar of all, or any part as applicable, of the claims made against them.

## THIRTEENTH DEFENSE

At the times relevant to the Complaint, the decisions, conduct and actions of Officer Mobley were lawfully taken in self defense and in response to the suspicious, evasive, hostile, assaultive and threatening actions of Pritchard that caused Officer Mobley to reasonably fear for his safety and life, and/ or the safety and lives of others and Officer Mobley and Washington therefore plead self defense in bar of all, or any part as applicable, of the claims made against them.

## FOURTEENTH DEFENSE

At all times relevant to the claims made in the Complaint, Officer Mobley (and all employees or agents of Washington) acted consistently and in compliance with and pursuant to

N. C. G. S. § 15A-401 which is pled by Officer Mobley and Washington in bar of all, or any part as applicable, of the claims made against them.

## FIFTEENTH DEFENSE

At all times applicable to the Complaint, the decisions, conduct and actions of Officer Mobley were necessary or objectively reasonably perceived to be necessary under the circumstances then and there at the time existing which is pled by Officer Mobley and Washington in bar of all, or any part as applicable, of the claims made against them.

## SIXTEENTH DEFENSE

Officer Mobley and Washington were legally justified for the decisions, conduct and actions undertaken in response to the incident referenced in the Complaint and the same is pled in bar of all, or any part as applicable, of the claims made against them.

## SEVENTEENTH DEFENSE

Officer Mobley and Washington, its officials, employees and agents, did not engage in, promote or further any policy, practice or custom that in any way violated the constitutional rights of Pritchard, did not enact or act pursuant to any official policy, custom or practice that in any way violated the constitutional rights of Pritchard or resulted in any of the alleged, but denied, injuries and damages and the same is pled in bar of all, or any part as applicable, of the claims made against them.

## EIGHTEENTH DEFENSE

Officer Mobley and Washington complied in good faith will all applicable laws and regulations and, having so complied, acted without improper motive and the same is pled in bar of all, or any part as applicable, of the claims made against them.

## NINETEENTH DEFENSE

Officer Mobley and Washington did not owe or breach any specific individual duty to Pritchard on the date in question and Officer Mobley and Washington plead the public duty doctrine in bar of all, or any part as applicable, of the claims made against them.

## TWENTIETH DEFENSE

Officer Mobley and Washington plead Pritchard's failure to mitigate damages in bar of all, or any part as applicable, of the claims made against them.

## TWENTY FIRST DEFENSE

Officer Mobley and Washington plead absolute sovereign and governmental immunity in bar of all, or any as applicable, of the punitive damage claims made against them.

## TWENTY SECOND DEFENSE

Officer Mobley and Washington plead all defenses, rights, remedies, immunities, exclusions and limits contained in N. C. G. S. §1D, *et. seq.*, in bar or in limitation to all, or any part as applicable of the punitive damage claims made against them.

**TWENTY THIRD DEFENSE**

In response to the punitive damage claims made against them, Officer Mobley and Washington assert and believe and allege that the imposition of punitive damages without meaningful standards defining the conduct justifying the imposition of such damage would violate the Due Process Clause of the Fourteenth Amendment to United States Constitution; further the imposition of punitive damages under current federal procedures would violate both of these constitutional provisions because current procedures regarding the imposition of punitive damages do not include safeguards constitutionally required to accompany the expectation of a penalty; all this is pled by Officer Mobley and Washington in bar of all, or any part as applicable, of the punitive damage claims made against them.

**TWENTY FOURTH DEFENSE**

Officer Mobley and Washington reserve the right to amend their Answer to the Complaint and to assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed through the discovery process and during the course of this litigation.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendant Officer Aaron M. Mobley and the City of Washington, North Carolina respectfully pray the Court for the following relief:

1. That the Plaintiff's claims against Officer Aaron M. Mobley and the City of Washington be dismissed;

2. That the Plaintiff have and recover nothing of Officer Aaron M. Mobley and the City of Washington;

3. That Plaintiff's request for attorneys' fees be denied;

4. That the cost of this action, including reasonable attorneys' fees, be taxed against the Plaintiff and/or any other responsible party;

5. For such other and further relief as the Court may deem just and proper;

6. A trial by jury on all issues as would be applicable.

This the 8th day of June, 2020.

CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC

/s/ Clay Allen Collier
Clay Allen Collier
NC State Bar No. 13266
5002 Randall Parkway
Wilmington, NC 28403
clayc@cmclawfirm.com
*Attorney for Officer Aaron M. Mobley*
*and the City of Washington, North Carolina*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of June, 2020, a copy of the foregoing Answer was filed with the Clerk of Court on the Court's CM/ECF electronic filing system, which will electronically serve the following counsel for the parties:

Carlos E. Mahoney, Esq.
Glenn, Mills, Fisher & Mahoney, PA
PO Drawer 3865
Durham, NC 27702-3865
*Attorney for the Plaintiff*

Sean P. Cecil, Esq.
Edelstein & Payne
PO Box 28186
Raleigh, NC 27611
*Attorney for the Plaintiff*

This the 8th day of June, 2020.


/s/ Clay Allen Collier
Clay Allen Collier