IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:20-cv-60

TERESA PRITCHARD as Administrator of
the Estate of Cedric D. Pritchard,

    Plaintiff,

vs.

AARON M. MOBLEY, in his individual
capacity, and CITY OF WASHINGTON,

    Defendants.

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS [LOCAL CIVIL RULE 56.1]**

Pursuant to Local Civil Rule 56.1, Defendants contend that the following facts are undisputed:

## STATEMENT OF UNDISPUTED FACTS

1. On October 21, 2018 Officer Mobley was employed as a Senior Patrol Officer with the police department for the city of Washington, North Carolina. (Complaint, ¶ 25; Mobley Depo., pp. 7)

2. At approximately 3:48 p.m. on Sunday October 21, 2018, Officer Mobley observed a 2004 blue Pontiac Aztec being operated on the public streets of Washington, North Carolina. (Complaint, ¶ 32; Mobley Depo., pp. 116)

3. Officer Mobley recognized Cedric Pritchard as the driver. Officer Mobley knew that the Aztec was owned by someone else and he believed that Pritchard did not have a valid driver's license. (Mobley Depo., pp. 116-117; Mobley Decl. ¶ 6)

4. Officer Mobley followed the Aztec being operated by Pritchard on Washington Street and requested, via his police vehicle radio, for a check on the status of Pritchard's driver's license. (Mobley Depo., pp 117-119)

5.     Within a matter of seconds, Pritchard steered the Aztec across the lane for oncoming traffic and to the left curb in the vicinity of 1105 Washington Street, where the vehicle came to a stop. (Mobley Depo., pp. 120)

6.     Officer Mobley activated the blue lights on his patrol vehicle and proceeded to park behind the Aztec on the left curb of Washington Street, approximately one car length behind the Aztec. (Mobley Depo., pp. 120, 122, 184)

7.     Officer Mobley thereafter used his patrol vehicle radio to report a traffic stop, provide information regarding the vehicle and the location of the stop while exiting his patrol vehicle. (Mobley Depo., pp. 122-123)

8.     Officer Mobley knew that Pritchard was a suspect in criminal activity involving firearms that had occurred on two previous nights in the last week. Officer Mobley also knew that Pritchard was, at that time, a convicted felon. (Mobley Depo., pp. 166; Plaintiff's Response to Defs' RFA # 4)

9.     Officer Mobley exited his patrol vehicle and began to approach the rear of the Aztec. (Mobley Depo., pp. 126)

10.    Before Officer Mobley had reached the front of his patrol vehicle, the driver's door of the Aztec opened and Pritchard began to exit. (Mobley Depo., pp. 128)

11.    As the door to the Aztec opened, Officer Mobley immediately saw that Pritchard had a handgun in his hand. (Mobley Depo. pp. 129-30; Mobley Decl. ¶ 24). As Pritchard exited the vehicle, he was facing towards Officer Mobley, with the gun in his right hand. (Sutton Depo. p. 48; Sutton Report, at p. 7, Figure 9; Mobley Decl. ¶¶ 25, 36; Mobley Depo. pp. 129-130).

12.    In response, Officer Mobley drew his service weapon from its holster as he continued to move forward. (Mobley Depo., pp. 130)

13. Pritchard turned and began to run, with the gun still in his hand, as Officer Mobley continued to advance forward. (Mobley Depo., pp. 132, 145-146; Mobley Decl. ¶¶ 25-27)

14. As he was moving away, Pritchard moved his right hand behind his body and extended it (and the gun he was holding) rearward. The barrel of the handgun was pointing in the direction of Officer Mobley. (Mobley Depo., pp. 132; Mobley Decl. ¶¶ 27-28)

15. Officer Mobley then discharged his service weapon twice. Both shots struck Pritchard, who was mortally wounded. (Mobley Depo., pp. 133)

16. A handgun (more specifically, a Smith & Wesson Airweight .38 Special) was recovered from the scene. (Sutton Depo. p. 30; SBI Case Disposition Report, at p. 5)

17. The incident was recorded on the dash camera located in the patrol vehicle operated by Officer Mobley. (Mobley Depo., pp. 180-182, 203; Mobley Decl. ¶ 33; Sutton Report)

18. The North Carolina State Bureau of Investigation investigated the incident, interviewed witnesses, and enhanced the dashcam police video from Officer Mobley's vehicle to include slow motion and screenshots. The enhanced screenshots were reproduced in the report prepared by Plaintiff's expert witness, Mike Sutton. (Sutton Depo. pp. 15-17; Sutton Report *passim*).

19. Officer Mobley had a clearer view of the incident than the dash camera. The parties agree that his vantage point of the suspect was superior to that of the dash camera, both because Mobley was closer to Pritchard and had a better angle from which to see Pritchard. (Sutton Depo. pp. 30-32; *see also* Mobley Decl. ¶ 35; Mobley Depo. pp. 186-187)

20. The incident occurred very quickly. According to the analysis prepared by Mr. Sutton, the elapsed time from when the Aztec driver's door began to open until Officer Mobley fired the first shot was 2.3 seconds. (Sutton Report, at p. 11)

Respectfully submitted this the 28th day of May, 2021.

        CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

        /s/Clay Allen Collier
        Clay Allen Collier
        NC State Bar No. 13266
        clayc@cmclawfirm.com

        /s/Norwood P. Blanchard, III
        Norwood P. Blanchard, III
        NC Bar No. 26470
        5002 Randall Parkway
        Wilmington, NC 28403
        norwood@cmclawfirm.com
        *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that on the 28th day of May, 2021, I electronically filed the foregoing **Statement of Undisputed Material Facts** with the Clerk of Court's CM/ECF system, which will serve a copy on all other counsel of record in this matter as follows:

Carlos E. Mahoney, Esq.
Glenn, Mills, Fisher & Mahoney, PA
PO Drawer 3865
Durham, NC 27702
cmahoney@gmfm-law.com
*Attorney for Plaintiff*

Sean P. Cecil, Esq.
Edelstein & Payne
PO Box 28186
Raleigh, NC 27611
sean@edelsteinpayne.com
*Attorney for Plaintiff*

This the 28th day of May, 2021.

By: /s/ Norwood P. Blanchard, III
Norwood P. Blanchard, III