IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:20-cv-60-M

| | |
|---|---|
| TERESA PRITCHARD as Administrator of the Estate of Cedric D. Pritchard, <br><br> Plaintiff, <br><br> vs. <br><br> AARON M. MOBLEY, in his individual capacity, and CITY OF WASHINGTON, <br><br> Defendants. | MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

NOW COMES Plaintiff, pursuant to Local Civil Rule 7.1(e), and files this Memorandum in support of Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment. The Court should reconsider and alter or amend its Order, dated March 30, 2022, [DE 53] granting summary judgment to Defendants in order to correct clear errors of law and accommodate an intervening change in controlling law under *Knibbs v. Momphard*, ___ F.4th ___, 2022 U.S. App. LEXIS 8446, 2022 WL 945713 (4th Cir. March 30, 2022).

### Nature of the Case

This is a civil rights action arising out of the fatal shooting of Cedric D. Prichard by Defendant Aaron M. Mobley, a City of Washington Police Officer, during a traffic stop on October 21, 2018.

On April 6, 2020, Plaintiff filed a Complaint against Defendants. [DE 1] In the Complaint, Plaintiff asserted individual capacity claims against Defendant Mobley

for excessive force under 42 U.S.C. § 1983 and civil battery. In addition, Plaintiff asserted an official capacity claim against Defendant City of Washington for civil battery and alleged that the City waived its governmental immunity under North Carolina law by purchasing liability insurance for the claim. [DE 1 at ¶¶ 29-31, 69-75]

On June 8, 2020, Defendants filed an Answer admitting that Officer Mobley was acting within the course and scope of his employment with the City at the time of the shooting. [DE 13 at ¶¶ 29, 74] Defendants asserted the affirmative defenses of governmental immunity, qualified immunity, and public official immunity.

During discovery, Defendant City of Washington produced an insurance policy from the Interlocal Risk Finance Fund of North Carolina with police professional liability coverage of $5,000,000 per occurrence. (*See* Ex. 1, attached hereto) The police professional liability coverage expressly covers claims for assault and battery by a City police officer and waives the City's governmental immunity for Plaintiff's civil battery claim.

On May 28, 2021, Defendants filed a Motion for Summary Judgment with a supporting Memorandum, a Statement of Undisputed Material Facts, and an Appendix of Exhibits. [DE 29-31] Defendant Mobley argued that he was entitled to summary judgment because his use of deadly force was reasonable under federal and state law. [DE 30 pp. 6-11] Defendant Mobley also argued that he was entitled to qualified immunity under federal law based on *Knight v. City of Fayetteville*, 234 F.Supp.3d 669 (E.D.N.C. 2017) and public official immunity under state law because

2

he did not act with malice. [DE 30 pp. 11-14] The City of Washington's sole argument was that it was entitled to summary judgment on Plaintiff's civil battery claim because Officer Mobley's use of deadly force was reasonable. [DE 30 pp. 10-11] The City did not assert governmental immunity or any other immunities or defenses.

On June 18, 2021, Plaintiff filed a Memorandum in Response to Defendants' Motion for Summary Judgment, a Response to Defendant's Statement of Undisputed Material Facts, and an Appendix with exhibits. [DE 33-39, 41] Plaintiff directly responded to Defendants' arguments. Plaintiff contended that summary judgment should be denied because there were genuine issues of material fact concerning the reasonableness of Officer Mobley's use of deadly force under federal and state law. [DE 41 pp. 7-15] In addition, Plaintiff contended that Defendant Mobley had failed to meet his burden of proof on qualified immunity and was not entitled to public official immunity. [DE 41 pp. 16-21]

On July 13, 2021, Defendants filed a Reply that addressed some of the factual arguments in Plaintiff's Memorandum, and further argued that Officer Mobley was entitled to qualified immunity because he "could have reasonably perceived that Pritchard posed a threat." [DE 46 pp. 2-6]

On March 30, 2022, the Court issued an Order granting Defendants' Motion for Summary Judgment. [DE 53] The Court did not address whether Officer Mobley's use of deadly force was reasonable under federal or state law. Instead, the Court determined that Defendant Mobley was entitled to qualified immunity on Plaintiff's excessive force claim because the law was not clearly established. [DE 53 pp. 13-21]

3

The Court then determined that Defendant Mobley was entitled to public official immunity under North Carolina law because the doctrine was "functionally identical" to the federal qualified immunity analysis. [DE 53 pp. 21-22] Finally, the Court concluded that the City of Washington was entitled to summary judgment on Plaintiff's civil battery claim because public official immunity barred the claim against Defendant Mobley in his individual capacity and Plaintiff did not sue Defendant Mobley in his official capacity. [DE 53 p. 22]

The grounds for the Court's decision on public official immunity and the City's liability for civil battery were not based on arguments raised by Defendants. The Court did not provide notice to the parties and an opportunity for supplemental briefing under Fed. R. Civ. P. Rule 56(f).

Plaintiff has filed this Motion for Reconsideration no later than 28 days after the entry of the Order granting Defendants' Motion for Summary Judgment and the Clerk's Judgment.

## Argument

A judgment may be altered or amended by the Court through a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e); *Stillwagon v. Innsbrook Golf & Marina, LLC*, 2014 U.S. Dist. LEXIS 160229 at [*19], 2014 WL 5871188 (E.D.N.C. 2014). "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of

law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

I. **The Court Should Correct a Clear Error of Law and Accommodate an Intervening Change in Controlling Law by Reconsidering its Decision on Plaintiff's Official Capacity Claim Against the City of Washington for Civil Battery.**

In its Order, the Court determined that "[b]ecause public official immunity bars the only battery claim against Officer Mobley, the derivative liability claim against the City cannot proceed either." [DE 53 p. 22] The Court's analysis was a clear error of law and is contrary to the Fourth Circuit's opinion on March 30, 2022 in *Knibbs v. Momphard*, ___ F.4th ___, 2022 U.S. App. LEXIS 8446, 2022 WL 945713 (4th Cir. 2022). North Carolina law does not allow an official capacity claim to be dismissed based on an officer's entitlement to public official immunity in his individual capacity. In addition, there is no requirement in North Carolina law for a litigant to sue the governmental entity <u>and</u> the officer in his official capacity in order to pursue an official capacity claim.

"A suit against a defendant in his individual capacity means that the plaintiff seeks recovery from the defendant directly; a suit against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent." *Meyer v. Walls*, 347 N.C. 97, 110, 489 S.E.2d 880, 886 (1997).[1] "A suit against a public official in his official capacity 'is a suit against the

---

[1] In discussing the difference between individual capacity and official capacity claims in *Meyer v. Walls*, the North Carolina Supreme Court cited with approval *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). *Meyer*, 347 N.C. at 110, 489 S.E.2d at 887. *Kentucky v. Graham* is the leading U.S. Supreme Court case on individual and official capacity claims.

5

State.'" *White v. Trew*, 366 N.C. 360, 363, 736 S.E.2d 166, 168 (2013) (*quoting Harwood v. Johnson*, 326 N.C. 231, 238, 388 S.E.2d 439, 443 (1990)). "[O]fficial-capacity suits are merely another way of pleading an action against the governmental entity." *Mullis v. Sechrest*, 347 N.C. 548, 554-55, 495 S.E.2d 721, 725 (1998) (*citing Moore v. City of Creedmoor*, 345 N.C. 356, 367, 481 S.E.2d 14, 21 (1997)); *see also Epps v. Duke Univ.*, 122 N.C. App. 198, 203, 468 S.E.2d 846, 850 (1995) (stating, in an official capacity suit, "the public entity is ultimately financially responsible for the compensable conduct of its officers").

"Thus, in a suit where the plaintiff asserts a claim against a governmental entity also naming those individuals working in their official capacity for the governmental entity is redundant."[2] *Wright v. Town of Zebulon*, 202 N.C. App. 540, 543, 688 S.E.2d 786, 789 (2010) (*internal citations and brackets omitted*); *Moore*, 345 N.C. at 367, 481 S.E.2d at 21-22 (*citing Kentucky*, 473 U.S. at 165). Under these circumstances, the official capacity claim against the governmental entity is appropriate, but the official capacity claim against the public officer or employee should be dismissed. *Wright*, 202 N.C. App. at 544, 688 S.E.2d at 789; *accord Hobbs v. North Carolina Dep't of Human Resources*, 135 N.C. App. 412, 420, 520 S.E.2d 595, 601 (1999); *Oakwood Acceptance Corp. v. Massengill*, 162 N.C. App. 199, 211-12, 590 S.E.2d 412, 422 (2004); *Bray v. Town of Wake Forest*, 2015 U.S. Dist. LEXIS 44731 at

---

[2] This is also true under federal law. An official capacity claim against an officer in a § 1983 claim is duplicative of the claim against the governmental entity and should be dismissed. *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (*citing Kentucky*, 473 U.S. at 165-66); *Hill v. Robeson County*, 733 F. Supp. 2d 676, 682 (E.D.N.C. 2010).

6

[*10-11], 2015 WL 1534515 (E.D.N.C. 2015); *Mangum v. Town of Wrightsville*, 2019 U.S. Dist. LEXIS 86581 at [*3-4], 2019 WL 2246780 (E.D.N.C. 2019).

In an official capacity suit, governmental or sovereign immunity is available to the government as a defense. *Thompson v. Town of Dallas*, 142 N.C. App. 651, 654, 543 S.E.2d 901, 904 (2001); *Epps*, 122 N.C. App. at 204-05, 468 S.E.2d at 851 (*citing with approval Hafer v. Melo*, 502 U.S. 21, 27 (1991)); *White*, 366 N.C. at 362, 736 S.E.2d at 168. However, individual defenses, such as public official immunity, are not available in an official capacity suit.[3] *Thompson*, 142 N.C. App. at 655, 543 S.E.2d at 904-05; *Lee v. Town of Seaboard*, 863 F.3d 323, 330 n. 6 (4th Cir. 2017); *Patrick v. North Carolina Dep't of Health and Human Servs.*, 192 N.C. App. 713, 666 S.E.2d 171 (2008).

In this case, Plaintiff brought an official capacity claim against Defendant City of Washington for civil battery and did not assert a redundant official capacity claim against Officer Mobley. The City of Washington admitted in its Answer that Officer Mobley was acting within the course and scope of his employment and the City waived its governmental immunity through the purchase of liability insurance. (Ex. 1, attached hereto) At summary judgment, the City did not raise governmental immunity and the only issue before the Court on Plaintiff's official capacity claim for civil battery was whether Officer Mobley's use of deadly force was authorized under

---

[3] These principles are also true under federal law. Qualified immunity is not a defense for the government in an official capacity claim under § 1983. *Kentucky*, 473 U.S. at 166-67; *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Ridpath v. Board of Governors Marshall Univ.*, 447 F.3d 292, 306-07 (4th Cir. 2006).

7

N.C. Gen. Stat. § 15A-401(d)(2). The Fourth Circuit addressed the same issue on appeal in *Lee v. Town of Seaboard. Id.*, 863 F.3d at 327 ("Lee's state-law tort claims against Seaboard turn on whether Sergeant Phillip's decision to use deadly force was justified under N.C. Gen. Stat. § 15A-401(d)(2)").

In *Lee*, the plaintiff's official capacity suit for negligent use of excessive force, intentional and negligent assault and battery, and negligent supervision was brought against the Town of Seaboard only and, as in this case, the officer was not separately sued in his official capacity. The Fourth Circuit analyzed the use of deadly force by the officer under North Carolina law and held that genuine issues of material fact precluded summary judgment. *Id.*, 863 F.3d at 330. In reaching its decision, the Court rejected the Town's argument that Lee's claims were barred by the officer's public official immunity and stated that "public official immunity does not immunize a municipality from liability for torts committed by a municipal employee acting in his official capacity." *Id.*, 863 F.3d at 33 n. 6 (*citations omitted*).

In this case, the Court granted summary judgment to the City on Plaintiff's official capacity claim because it concluded that Defendant Mobley was entitled to public official immunity on Plaintiff's individual capacity claim. By doing so, the Court allowed the City of Washington to be protected from liability by the application of Officer Mobley's public official immunity in violation of North Carolina law.

On March 30, 2022, the Fourth Circuit issued *Knibbs v. Momphard*, ___ F.4th ___, 2022 U.S. App. LEXIS 8446, 2022 WL 945713 (4th Cir. 2022). In *Knibbs*, the District Court dismissed the plaintiff's official capacity bond claim on the basis that

8

the deputy was entitled to public official immunity from the plaintiff's wrongful death battery claim. *Id.*, 2022 U.S. App. LEXIS 8446 at [*63-64] The Fourth Circuit held that the District Court's analysis was incorrect and the issue was foreclosed by *Lee v. Town of Seaboard*. *Id.* at [*64-65] In its review of the issue, the Fourth Circuit cited *Lee v. Town of Seaboard* for the legal principle that "where a county or municipality has waived its governmental immunity - - such as pursuant to a sheriff's surety bond - - 'and is being sued for its own conduct and the conduct of [one of its officers] in his *official* capacity,' the individual police officer's public official immunity 'is of no consequence.'" *Id.* at [*65] (*citing Lee*, 863 F.3d at 330 n.6). The Court concluded that the County had waived its governmental immunity and that "Deputy Momphard's possible entitlement to public official immunity from the individual capacity claim against him is thus 'of no consequence' to the Estate's *official* capacity claims against the Sheriff's Office based on his actions." *Knibbs*, 2022 U.S. App. LEXIS 8446 at [*65-66] (*citing Lee supra*). To the extent that the law was unclear before the Court issued its Order on Defendants' Motion for Summary Judgment, *Knibbs v. Momphard* is an intervening change in controlling law which should be accommodated by granting Plaintiff's Motion for Reconsideration.

The Court's reliance on *Turner v. City of Greenville*, 197 N.C. App. 562, 677 S.E.2d 480 (2009) for its decision on Plaintiff's official capacity claim was misplaced. The holdings in *Turner* were that the officers' conduct was objectively reasonable or justified under N.C. Gen. Stat. § 15A-401(d) and that the City had not waived its governmental immunity through the purchase of liability insurance. *Id.*, 197 N.C.

9

App. at 563, 567-68, 677 S.E.2d at 481, 484-85. As a result, the City was entitled to summary judgment on plaintiff's official capacity claims for negligence, assault and battery, and willful and wanton conduct. *Id.* The Court of Appeals' subsequent discussion of public official immunity concerning the plaintiff's negligence claim was *dicta* that was not necessary for the decision; an individual capacity claim was never even asserted in the case. It is well-established that "[l]anguage in an opinion not necessary to the decision is *obiter dictum* and later decisions are not bound thereby." *Trustees of Rowan Technical College v. J. Hyatt Hammond Assoc.*, 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985).

In addition to being *dicta*, the Court of Appeals' analysis in *Turner* was contrary to North Carolina law. While it is true that an underlying act of negligence against an officer is necessary to establish a derivative official capacity claim against the municipality, the validity of the official capacity claim is <u>not</u> determined by the application of the officer's public official immunity. In *Prior v. Pruett*, 143 N.C. App. 612, 550 S.E.2d 480, the only case cited in *Turner*, the Court of Appeals correctly analyzed the validity of the underlying charge of negligence against the Sheriff's Office and County without applying public official immunity. *Id.*, 143 N.C. App. at 620-22, 550 S.E.2d at 172-73. The Court of Appeals then considered public official immunity when ruling on the individual capacity claims against the officers only. *Id.*, 143 N.C. App. at 623-24, 550 S.E.2d at 173-74. In *Thompson v. Town of Dallas*, the Court of Appeals expressly rejected the argument that public official immunity could bar an official capacity claim against the government for negligence holding that

10

"while Officer Howell is protected from individual liability for mere negligence in the performance of his duties by the doctrine of public official's immunity, such immunity does not extend to protect him from suit in his official capacity for such negligence to the extent his employer, defendant Town, has waived immunity by the purchase of liability insurance." *Id.*, 142 N.C. App. at 655, 543 S.E.2d at 905.

The *dicta* in *Turner* is not supported by *Prior* and it was rejected by *Thompson*. The *Turner* analysis has never been approved by the North Carolina Supreme Court, has not been utilized to dismiss an official capacity claim in a published opinion by an appellate court, and it is contrary to the Fourth Circuit's opinions in *Lee v. Town of Seaboard* and *Knibbs v. Momphard*.

The Court's decision on Plaintiff's official capacity claim against the City of Washington for civil battery was a clear error of law that should be corrected by granting Plaintiff's Motion for Reconsideration. In addition, *Knibbs v. Momphard* is an intervening change in controlling law that should be accommodated by the Court. Upon reconsideration, the Court should limit its summary judgment analysis of Plaintiff's official capacity claim to a determination of whether Officer Mobley's use of deadly force was authorized under N.C. Gen. Stat. § 15A-401(d)(2) because the City's waiver of governmental immunity and Officer Mobley's agency are not in dispute.

## II. The Court Should Correct a Clear Error of Law and Accommodate an Intervening Change in Controlling Law by Reconsidering its Decision on Defendant Mobley's Public Official Immunity Defense.

In its Order, the Court described public official immunity under North Carolina law as "analogous" and "functionally identical" to qualified immunity. [DE 53 p. 21] As a result, the Court determined that Plaintiff's individual capacity claim against Defendant Mobley for civil battery was barred by public official immunity because he was entitled to qualified immunity under federal law. It is true that "public officers' immunity, at the least, is unavailable to officers who violate clearly established rights." *Bailey v. Kennedy*, 349 F.3d 731, 742 (4th Cir. 2003); *accord Coooper v. Sheehan*, 735 F.3d 153, 160 (4th Cir. 2013); *Hensley v. Price*, 876 F.3d 573, 587 (4th Cir. 2017). However, the inverse is not true and neither the North Carolina appellate courts, nor the Fourth Circuit, have automatically granted public official immunity to an officer on the basis that the officer was entitled to qualified immunity. The Court's analysis of public official immunity was a clear error of law and is contrary to the Fourth Circuit's opinion on March 30, 2022 in *Knibbs v. Momphard*, \_\_\_ F.4th \_\_\_, 2022 U.S. App. LEXIS 8446, 2022 WL 945713 (4th Cir. 2022).

Public official immunity is an affirmative defense for an officer sued in his individual capacity. *Epps*, 122 N.C. App. at 205, 468 S.E.2d at 852. An officer is entitled to public official immunity unless his actions were malicious, corrupt, or outside the scope of his official authority. *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976). Malice exists when an act is "(1) done wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another." *Wilcox v. City of Asheville*, 222 N.C. App. 285, 289, 730 S.E.2d 226, 230 (2012) (*citing In re Grad v.*

12

*Kaasa*, 312 N.C. 310, 313, 321 S.E.2d 888, 890 (1984)). "Wanton and reckless behavior may be equated with an intentional act in the context of intentional tort claims, including assault and battery." *Hart v. Brienza*, 246 N.C. App. 426, 421, 784 S.E.2d 211, 216 (2016) (*internal quotations and brackets omitted*) (*citing Pleasant v. Johnson*, 312 N.C. 710, 715, 325 S.E.2d 244, 258 (1985)). The malice exception may be established by evidence of constructive intent to injure. *Wilcox*, 222 N.C. App. at 291, 730 S.E.2d at 232.

In a civil battery case, an officer acts with malice and is not entitled to public official immunity when he recklessly or intentionally uses excessive force in violation of North Carolina law with an actual or constructive intent to injure the plaintiff. *Hart*, 246 N.C. App. at 431-32, 784 S.E.2d at 215-16; *Prior*, 143 N.C. App. at 623-24, 550 S.E.2d at 173-74; *Lopp v. Anderson*, 251 N.C. App. 161, 169-70, 795 S.E.2d 770, 776-77 (2016). Thus, Defendant Mobley is not entitled to public official immunity if he intentionally or recklessly used deadly force that was not reasonably necessary to defend himself from the imminent use of deadly force by Mr. Pritchard in violation of N.C. Gen. Stat. § 15A-401(d)(2).

Instead of examining the facts concerning Defendant Mobley's use of deadly force under North Carolina law, the Court automatically granted him public official immunity because of its conclusion that the federal law was not clearly established. The Court's analysis was a clear error of law. Public official immunity is different from qualified immunity because it requires a determination of malice, which is a subjective standard, and does not depend on the existence of clearly established right.

13

*Andrews v. Crump*, 144 N.C. App. 68, 76-77, 547 S.E.2d 117, 123 (2001) (observing that public official immunity differs from qualified immunity); *Prior*, 143 N.C. App. at 619, 550 S.E.2d at 171 (noting that the federal court's determination of qualified immunity did not collaterally estop plaintiffs from proceeding with their state law tort actions due to the different thresholds of liability).

The Fourth Circuit's March 30, 2022 opinion in *Knibbs v. Momphard* clarified that the analysis of public official immunity under North Carolina law is different from qualified immunity. In *Knibbs*, the Fourth Circuit described the difference as follows: "Distinct from qualified immunity under 42 U.S.C. § 1983, which is a purely objective analysis, North Carolina's public official immunity doctrine 'involves a determination of the subjective state of mind of the governmental actor.'" *Id.*, 2022 U.S. App. LEXIS 8446 at [*55] (*quoting Andrews*, 144 N.C. App. at 76, 547 S.E.2d at 123). The Court analyzed the evidence under North Carolina law and found that there were issues of fact concerning the deputy's use of deadly force under N.C. Gen. Stat. § 15A-401(d) and constructive intent to injure the decedent. As a result, the Fourth Circuit found that the deputy was not entitled to public official immunity. *Knibbs*, 2022 U.S. App. LEXIS 8446 at [*54-60].

In this case, the Court's decision on Defendant Mobley's entitlement to public official immunity was a clear error of law that should be corrected by granting Plaintiff's Motion for Reconsideration. In addition, *Knibbs v. Momphard* is an intervening change in controlling law that should be accommodated by the Court. Upon reconsideration, the Court should independently analyze the evidence under

North Carolina law to determine if the malice exception applies to Defendant Mobley's affirmative defense of public official immunity.

III. **The Court Should Correct a Clear Error of Law by Reconsidering its Decision on Defendant Mobley's Qualified Immunity Defense.**

With regard to the qualified immunity analysis, the Court did not consider the transcribed SBI interviews of Linwoood Austin and Michael Floyd, viewed the evidence in the light most favorable to Officer Mobley, and did not apply the proper burdens of proof and persuasion. The Court's analysis in the Order was a clear error of law that should be corrected.

First, in response to Defendants' Motion for Summary Judgment, Plaintiff filed excerpts from the transcribed recorded interviews of Linwood Austin and Michael Floyd by the State Bureau of Investigation. [DE 38-39] Under Rule 56(c)(1), it was permissible for Plaintiff to file the transcripts from the recorded interviews and it was unnecessary to obtain an affidavit or declaration from each witness. Fed. R. Civ. P. 56(c)(1). In the Reply, Defendants requested, "to the extent that Plaintiff seeks to rely on the unsworn (and unauthenticated) witness statements from Linwood Austin and Michael Floyd, who purported to be witnesses, the Court should disregard those statements because they are hearsay and are inadmissible under Rules 801(c) and 802 of the Federal Rules of Evidence." [DE 46 p. 5]

Defendants' request did not comply with Rule 56 which only permits an objection to be made if "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The witness statements in the transcripts can be easily presented at trial by calling

15

each witness to testify. Their trial testimony would be admissible. However, in the Order, the Court ruled that "the Estate cannot create a genuine factual dispute by relying on hearsay statements from these interviews" and cited a footnote in *Stanton v. Elliott*, 25 F.4th 227, 237 n. 7. [DE 53 p. 10] In *Stanton*, the evidence at issue was plaintiff's testimony that he had a family friend who told him that he saw the officer shoot the decedent in the back. *Id.* This evidence was clearly inadmissible hearsay. In contrast, the transcripts in this case contain the direct statements by each witness concerning their observations at the scene. Unlike the plaintiff in *Stanton*, Mr. Austin and Mr. Floyd could testify at trial about their observations. The transcripts should have been considered by the Court in evaluating the Motion for Summary Judgment.[4]

Second, in reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. The Court cannot weigh the evidence or make credibility calls. *Stanton*, 25 F.4th at 234. In addition, in a deadly force case, "Courts should be careful at summary judgment to avoid simply accepting an officer's self-serving statements and must consider all contradictory evidence." *Stanton*, 25 F.4th at 234. The Court acknowledged these standards but did not properly apply them.

In describing the factual circumstances of this case for its qualified immunity analysis, the Court found that it was undisputed that Mr. Pritchard was "holding a pistol" in front of an approaching officer and that Officer Mobley "knew he was a felon

---

[4] In its Order, the Court noted that "the Estate has not explained the admissible form it anticipates presenting." [DE 53 p. 10] While the admissible form is clear, there are no local civil rules that would permit the filing of a surreply and the Court did not request one.

prohibited from possessing firearms" and "had reason to suspect he had recently engaged in gun violence." [DE 53 pp. 9-11, 15) In its analysis of each factual dispute, the Court accepted the self-serving statements of Officer Mobley without properly considering all contradictory evidence and viewing the evidence in the light most favorable to the Plaintiff. With regard to the pistol finding, the Court elected to rely on enhanced images from the dash camera video instead of the original video in order to corroborate Officer Mobley's testimony. [DE 53 pp. 5, 9-10, 15] The Court did not consider, or mention, that Officer Mobley failed to activate his body worn camera in violation of City policy or that Defendants admitted in the Answer that the original video was the best evidence of the events in this case. [DE 33 ¶ 19] With regard to the felon and gun violence findings, the Court did not properly consider the vagueness of Officer Mobley's testimony, the contradictory evidence indicating that he discovered these facts after the shooting, his credibility issues, or the absence of corroborating evidence.[5] [DE 33 ¶¶ 8, 31-32]

Third, in the Fourth Circuit, the officer bears the burden of proof and burden of persuasion to show that a constitutional right was not clearly established. *Stanton*, 25 F.4th at 233; *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003). The Court acknowledged the law, but did not apply the correct burden in its qualified immunity analysis. In his supporting Memorandum, Defendant Mobley relied on general statements of law concerning qualified immunity and only cited *Knight v. City of*

---

[5] The Court found that Officer Folk's investigation report [DE 34-27] corroborated Officer Mobley's recollection. [DE p. 10] Officer Folk's report does not establish that Officer Mobley knew that Mr. Pritchard was a felon or knew that he was involved in "gun violence" before the shooting in this case.

17

*Fayetteville*, 234 F.Supp.3d 669 (E.D.N.C. 2017) in support of his argument that the law was not clearly established. [DE 32 pp. 11-13] In response, Plaintiff cited various U.S. Supreme Court and Fourth Circuit cases, addressed *Knight*, and presented evidence that a verbal warning was feasible. [DE 41 pp. 6-7, 16-20; DE 33 ¶ 30] Defendant did not respond to any of Plaintiff's arguments or evidence about the feasibility of a verbal warning in his Reply.

In its Order, the Court did not mention *Knight* and instead examined the cases cited by Plaintiff before concluding that the law was not clearly established. Despite the existence of a factual dispute concerning the feasibility of a verbal warning, the Court determined that it was unclear that "a verbal warning would have been feasible under these circumstances." [DE 53 p. 19] The Court also speculated about the possibility that "an armed suspect fleeing on foot could still turn back to shoot 'within a fraction of a second.'" [DE 53 p. 20] The Court did not hold Defendant Mobley to his burden of proof and burden of persuasion on qualified immunity and improperly shifted the burden to Plaintiff.

The Court's qualified immunity analysis did not properly apply Rule 56(c)(2), the applicable summary judgment standards, and the burdens of proof and persuasion. The Court should grant Plaintiff's Motion for Reconsideration to correct the clear errors of law in its Order and alter or amend its decision on qualified immunity.

## Conclusion

For the foregoing reasons, Plaintiff requests that the Court grant the Motion for Reconsideration. The Court should alter or amend the Order, dated March 30, 2022, vacate the Clerk's Judgment, allow supplemental briefing, and issue a new Order denying Defendants' Motion for Summary Judgment.

This the 27th day of April, 2022.

/s/ Carlos E. Mahoney
Carlos E. Mahoney
Mills & Mahoney, P.A.
P.O. Drawer 3865
Durham, NC 27702-3865
Telephone: 919-683-2135
Facsimile: 919-688-9339
cmahoney@gmfm-law.com
N.C. State Bar No. 26509
Counsel for Plaintiff

Sean P. Cecil
Edelstein & Payne
P.O. Box 28186
Raleigh, NC 27611
Telephone: 919-828-1456
Facsimile: 919-828-4689
sean@edelsteinpayne.com
N.C. State Bar No. 48882
Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I, Carlos E. Mahoney, hereby certify that on April 27, 2022, I electronically filed the foregoing document entitled, **Memorandum in Support of Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment**, with the Clerk of Court for the Eastern District of North Carolina using the CM/ECF system which will give notice of the filing to the following counsel of record.

> Clay A. Collier
> Norwood P. Blanchard, III
> Crossley McIntosh Collier
> Hanley & Edes, PLLC
> 5002 Randall Parkway
> Wilmington, NC 28403
> clayc@cmclawfirm.com
> norwood@cmclawfirm.com
> Counsel for Defendants
>
> Sean P. Cecil
> Edelstein & Payne
> P.O. Box 28186
> Raleigh, NC 27611
> sean@edelsteinpayne.com
> Counsel for Plaintiff

>> /s/ Carlos E. Mahoney
>> Carlos E. Mahoney
>> Glenn, Mills, Fisher & Mahoney, P.A.
>> P.O. Drawer 3865
>> Durham, NC 27702-3865
>> Telephone: (919) 683-2135
>> Facsimile: (919) 688-9339
>> cmahoney@gmfm-law.com
>> N.C. State Bar No. 26509
>> Counsel for Plaintiff